**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 26-cv-25714-BLOOM**

SHENA HICKMAN,

Plaintiff,

v.

MIAMI-DADE FLORIDA POLICE DEPARTMENT,

Defendant.
______________________________/

**ORDER ON MOTION TO DISMISS**

**THIS CAUSE** is before the Court upon Defendant Miami-Dade County's ("Defendant") Motion to Dismiss the Complaint, ECF No. [8] ("Motion"). *Pro se* plaintiff Shena Hickman ("Plaintiff") failed to file a Response in opposition, even when the deadline to do so was extended by the Court. ECF No. [14]. The Court warned that failure to file a response would result in the Court "consider[ing] the merits of the Motion without the benefit of a response or responses and such failure may be deemed sufficient cause to grant the motion by default" pursuant to Local Rule 7.1(c). *Id*. The Court has reviewed the Motion, the record, and is otherwise fully advised. For the reasons that follow, the Motion is granted.

## I. BACKGROUND

Plaintiff alleges that she is bringing her Complaint against the Miami-Dade Police Department (the "Police Department") because she is "afraid of them, for their threat upon [her] life, for their threat upon [her] safety and for their threat upon [her] wellbeing based on their violent terroristic retaliatory behavioral pattern[.]" ECF No. [1-2] at 3. She asserts that between October 17, 2023 and May 2, 2025, the Police Department "willfully carried out Jim Crow Societal

Practices" through "acts of violence, wrath of terror, destruction, public shunning, defamation, . . . [and] racist hate[,]" resulting in Plaintiff suffering constitutional deprivations. *Id*.

Specifically, Plaintiff asserts that she engaged in protected whistleblowing against Meta Platforms, Inc., and in retaliation, the Police Department engaged in "premeditated retaliatory acts of violence, for the sole purpose to terrorize, torment, and torture [her] to [her] death as their punishment for [her] employment whistleblowing." *Id*. She alleges various forms of physical harm, cyberattacks, mental anguish, and other retaliatory acts. *Id.* at 4–6. Among other things, her allegations include that a "white man slung a rock" that hit her, a man tried to intimidate her with his "big dog," she was bullied by store employees inside a Publix supermarket, the video folder on her external hard drive was completely deleted, her cell phone was stolen, and she was forced into homelessness before fleeing Florida. *Id.* at 4–7.

In August 2026, she filed her Complaint, asserting the following claims: race, sex, and age discrimination in violation Title VII of the Civil Rights Act of 1964 (Count I), age discrimination in violation of the Age Discrimination in Employment Act of 1967 (Count II), and discrimination for engaging in protected activity (i.e., whistleblowing) (Count III). *Id*. at 11–12. The claims do not incorporate or include supporting factual allegations.

Defendant's Motion argues the Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6), as the Miami-Dade Police Department is an entity incapable of being sued. ECF No. [8] at 1. Moreover, even if Plaintiff could sue the named entity, the Complaint should be dismissed as an improper shotgun pleading. *Id.* at 5–6. Plaintiff did not file a response.

## II. LEGAL STANDARDS

When ruling on a Rule 12(b)(6) motion to dismiss, a court generally focuses on the complaint itself. *Bickley v. Caremark RX, Inc.*, 461 F.3d 1325, 1329 n.7 (11th Cir. 2006) ("A court

is generally limited to reviewing what is within the four corners of the complaint on a motion to dismiss."). Federal Rule of Civil Procedure 8(a)(2) requires pleadings to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 does not impose a requirement of "detailed factual allegations," but it does demand "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive an attack by a Rule 12(b)(6) motion to dismiss, a complaint must therefore contain factual allegations that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "'[N]aked assertion[s]' devoid of 'further factual enhancement'" will not suffice. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). But a complaint may proceed if it contains "enough factual matter (taken as true) to suggest" the elements of the stated claims. *Twombly*, 550 U.S. at 556.

In evaluating the complaint, a court accepts as true the plaintiff's factual allegations and any reasonable inferences drawn from those facts. *Martins v. Royal Caribbean Cruises Ltd.*, 174 F. Supp. 3d 1345, 1349 (S.D. Fla. 2016) (citing *Jackson v. Okaloosa Cnty., Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994). A court need not accept the plaintiff's legal conclusions as true. *Iqbal*, 556 U.S. at 679. And while a court makes reasonable inferences in the plaintiff's favor, it need not make the same inferences as the plaintiff nor accept "unwarranted deductions of fact." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005) (quoting *S. Fla. Water Dist. Mgmt. Dist. v. Montalvo*, 84 F.3d 402, 408 n.10 (11th Cir. 1996)).

Although a court primarily considers only facts contained within the four corners of the complaint when ruling on a motion to dismiss, the court may consider additional documents when "a plaintiff refers to a document in its complaint, the document is central to its claim, its contents

are not in dispute, and the defendant attaches the document to its motion to dismiss." *Fin. Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007) (citing *Harris v. Ivax Corp.*, 182 F.3d 799, 802 n.2 (11th Cir. 1999).

## III. DISCUSSION

The Court agrees that the Complaint is due to be dismissed. As an initial matter, consistent with Local Rule 7.1(c), "a motion may be granted by default in the event the opposing party does not timely file a response." *Am. Builders Ins. Co. v. S.-Owners Ins. Co.*, No. 9:20-CV-81357, 2021 WL 3005485, at *2 (S.D. Fla. July 15, 2021).

However, even on the merits, the Complaint is also due to be dismissed. For one, both under Florida law and for § 1983 purposes, a police department is not an entity that can be independently sued. *Williams v. Miami-Dade Police Dep't*, 297 F. App'x 941, 945 (11th Cir. 2008) ("[P]olice departments are not legal entities amenable to suit." (citations omitted)); *Masson v. Miami-Dade County*, 738 So.2d 431, 432 (Fla. 3d DCA 1999)("[T]he Police department does not have the capacity to sue or be sued."); Rubin v. City of Miami Beach, No. 19-20520-CIV, 2019 WL 11470833, at *5 (S.D. Fla. Feb. 12, 2019) ("It is well-established that police departments cannot be sued under Section 1983." (citations omitted)).

Moreover, Plaintiff's Complaint is a shotgun pleading and is due to be dismissed for that reason as well. The essence of the shotgun pleading is that it "fail[s] to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321 (11th Cir. 2015). The Complaint here "is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322. Indeed, the Complaint is nearly incomprehensible. It spans 261 pages including its

exhibits and describes incidents involving parties entirely unrelated to the Police Department. For instance, Plaintiff alleges having been intimidated by a man with a dog, being hit by a rock thrown by a "white man," and being accosted by "trucks continuously [] expelling gasoline" and by "men blowing cannabis smoke into [her] walking path." ECF No. [1-2] at 7. None of these allegations has anything to do with race, age, or sex discrimination or whistleblower retaliation, nor do these allegations implicate the Police Department in any way. In effect, "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996)

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Defendants' Motion, **ECF No. [8]**, is **GRANTED.**
2. Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE.**
3. The Clerk shall **CLOSE** the case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 25, 2026.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:
Counsel of Record

Shena Hickman
23926 SW 108th Place
Homestead, FL 33032
PRO SE